**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.

DAVON HAMMOND,

Defendant.

Case No. 26-cr-74 (JMC)

# PRETRIAL ORDER

In order to administer the trial of this case in a manner that is fair and just to the Parties and is consistent with the goal of completing the trial in the most efficient manner, it is hereby

**ORDERED** that a pretrial conference will be held on **September 8, at 10:00 AM** in Courtroom 3. It is further

**ORDERED** that the trial of this case will commence on **September 28, 2026, at 9:30 AM** in Courtroom 3. The Court has already set a deadline for motions in this case. To the extent either side wishes to file any additional motions in limine, the deadline for such motions is **September 4, 2026**. Oppositions to any motions in limine are due **September 11, 2026.** It is further

**ORDERED** that the Government will notify Defendant of its intention to introduce any Fed. R. of Evid. 404(b) evidence not already disclosed by **September 4, 2026**. It is further

**ORDERED** that the Parties' joint pretrial statement is due by **September 4, 2026**. In addition to filing the joint pretrial statement on the public docket, the Parties will submit a version of the statement in Microsoft Word format to Cobb_Chambers@dcd.uscourts.gov. The joint pretrial statement will include:

a. Written statements (i) by the Government setting forth the terms of any plea offer made to Defendant and the date such offer was made and lapsed; and (ii) by Defense Counsel indicating (1) the dates on which the terms of any plea offer were communicated to Defendant and rejected, *see Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."), and (2) the potential sentencing exposure communicated by the Defense Counsel to Defendant and the date on which such communication occurred, *see United States v. Rashad*, 331 F.3d 908, 912 (D.C. Cir. 2003);

b. A one-paragraph joint statement of the case for the Court to read to prospective jurors;

c. Proposed *voir dire* questions. The Court has attached its standard voir dire questions to this order.

d. The text of proposed jury instructions, which are formatted so that each instruction begins on a new page. The Parties can submit their respective proposals for jury instructions, and the Court will set any additional deadlines for making objections to jury instructions at the pretrial conference.

e. A list of expert witnesses, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

f. A list of prior convictions that the Government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

g. Lists of exhibits that the Parties intend to use during their cases-in-chief, with a brief description of each exhibit. **The Parties will submit any objections to the other side's exhibits by September 14, 2026, and the Court will set a further hearing in advance of trial if necessary to resolve any objections to exhibits**.

h. Any stipulations executed or anticipated to be executed;

i. A proposed verdict form that includes a date and signature line for the jury foreperson, as well as proposed special interrogatories (if any); and

j. A proposed schedule for the Parties' exchange of witness lists and Jencks Act material, including when such lists will be provided to the Court.

It is further

**ORDERED** that all exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from the Courtroom Deputy Clerk. The Parties shall provide an electronic copy of the exhibits at any point prior to the trial date. The Court may request copies of specific exhibits prior to the pretrial conference if necessary to resolve the Parties' objections. It is further

**ORDERED** that the Government is under a continuing and ongoing obligation to provide Defense Counsel any favorable or exculpatory information (*Brady*), whether or not admissible in evidence. *Brady* information must be disclosed on a rolling basis—"the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (*Giglio*)—including *Lewis* material—on or before **September 4, 2026**. *See United States v. Celis*, 608 F.3d 818, 835–36 (D.C. Cir. 2010). *Giglio* obligations are also ongoing.

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: August 25, 2026

## STANDARD VOIR DIRE

I will briefly tell you what this case is about:

[Insert Parties' joint statement of the case]

1. Before today, had you read or heard anything, either by word of mouth, in the news media, or on social media, about this case?

2. Would the nature of this case or the charges make it difficult for you to render a fair and impartial verdict in this case?

3. I am Judge Jia Cobb. My courtroom deputy is Erica Duncan. The Court Reporter is Stacy Johns. My law clerk is Ethan Judd. Do you know or recognize me or any member of the court staff?

4. The attorneys representing the United States in this case are [insert names of prosecutors]. Do you know or recognize any of those attorneys?

5. The Defendant in this case is [insert defendant name]. [insert defendant name] is being represented by attorneys [insert names of defense attorneys and law firm, if applicable]. Do you know or recognize [insert defendant name], the defendant's attorneys, or the name of the law firm?

6. I will now ask both the Government and [insert defendant's name]'s attorneys to identify the names of people or entities that you may hear from or about during this trial. **[Government to identify names; Defense to identify names]** Do you know or recognize the names of any of the people or entities that you just heard?

7. Have you ever served as a grand juror or a juror in any kind of trial?

8. Are you, any of your family members, or any of your close friends a lawyer?

9. Have you been the victim of, witness to, or charged with or accused of, whether convicted or not, a criminal offense?

10. I will be instructing the jury at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because the witness is a law enforcement officer. Do you have such strong feelings about law enforcement, either positive or negative, that you would have difficulty following that instruction?

11. The government has the burden of proof in this matter. The defendant is not required to present evidence or testify. Do you think that you might hold it against the defendant, or infer that he is guilty, if he does not present evidence or testify?

12. If selected as a juror, would you have difficulty accepting and applying the rule of law that the defendant is presumed innocent unless the government proves guilt beyond a reasonable doubt?

13. There has been an indictment in this case. An indictment is not evidence of a crime. It merely initiates a case and is a formal way of presenting the charge. The indictment here informs [insert defendant name], the Court, and the members of the jury of the charges against [insert defendant name]. Would the fact that an indictment charged [insert defendant name] with crimes, in and of itself, lead you to believe that he is guilty or make it difficult for you to apply the presumption of innocence?

14. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without regard whatsoever for what the potential punishment may or may not be. Would you have any difficulty at all following this principle?

15. If you are a juror in this case you must refrain from reading or listening to any news about this case, and from doing any internet research about this case or any of the parties involved, including myself and the lawyers, [insert defendant name], and any witnesses because, as I said earlier, your verdict must be based only on what you hear and see in this courtroom. Do you have any concern that you would not be able to follow this instruction?

16. Do you know any of the other members of the jury panel from before today?

17. Do you have any impairments or health issues that might make it difficult for you to give your full time and attention to this trial and render a fair and impartial verdict?

18. Do you have such strong moral or religious convictions that it would prevent you from passing judgment on another person?

19. I expect this case to take approximately [insert approximate length of trial]. Do you have any pressing commitment that would make sitting on this jury an extreme hardship? I understand that we are all busy. **Note to Jury**: When I refer to a "pressing commitment," I am not referring to work, school, or other important commitments that we all have. I am referring to conflicts like preplanned, out-of-jurisdiction travel that cannot be rescheduled, a scheduled surgery, and other pressing matters that cannot be rescheduled or accommodated.

20. Is there any reason you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively, and impartially as a juror in this case?